the results by outcry or action tending to counteract the other's conduct. I discover no reason for such watchfulness by Milliken's servant of Smith's servant lest the latter should be negligent.

The jury must, in considering Molasky, have found that he had room enough to act prudently. Indeed, it is urged here that the space was so abundant that he could not have touched the rods with the head piece. There were nearly 17 feet of space within which to land a stick 10 feet long fastened 4 feet from its end. It was a matter of seconds to turn the stick over the servant's leg, and yet at that precise time, if ever, the peril appeared. The head piece arose, was turned over, grazed Watson's leg, and passed behind him, and hit the rods, if, indeed, it did hit them. But Watson, it is found, should have conceived, in a period briefer than the swift happening, the impending danger, and with priority of word or action stayed or attempted to stay the negligent thrust of the head piece, or he should have noticed that Molasky was drawing up the head piece, and have seen the danger of his final negligent handling, and have told him to beware, or have done something—too indefinite to be suggested. The record, it is thought, does not permit such burden to be placed upon one servant to guard against the consequences of the negligent act of another, done or portending.

The judgment and order should be reversed, and a new trial granted; costs to abide the event. All concur.

---

### In re GROSS' WILL.

(Surrogate's Court, New York County. March 2, 1915.)

WILLS (§ 733*)—CONSTRUCTION—CODICIL NULLIFYING BEQUEST.
    A will provided that the income of $20,000 be paid to each of testator's daughters, that $3,000 of the principal be paid to each on marriage, and that the unimpaired principal of $20,000 in case of an unmarried daughter, or the remaining $17,000 in case of one who had married, be paid to each daughter, when the youngest child surviving the testator reached 21 years. A codicil authorized the executors to pay to the daughters such part of the principal sum as such executors might deem proper. *Held* that, after the youngest daughter reached 21, the right to the principal in her and her sisters was absolute, not subject to the discretion and approval of the trustees, the evident intention of the testator having been merely to provide by the codicil for the support of any daughter out of the principal that might not marry before the youngest child became of age, since such a reading would give effect to both provisions of the will, but to subject the legacies given by the body of the will to the approval of the trustees would be to nullify such provision by construction of the codicil, and such construction of a codicil will not be adopted, unless its language is as explicit as the provision of the will which it purports to nullify.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1819–1846; Dec. Dig. § 733.*]

In the matter of the will of Conrad R. Gross. On application for construction under Code Civ. Proc. § 2615.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Herbert H. Flagg, of New York City, for petitioner.

Walter Lindner, of New York City, for executors.

Peter J. McCoy, Jr., of New York City, for respondent Lena Gross.

FOWLER, S. This is an application for a construction of testator's will under section 2615, C. C. P. The petitioner is a legatee named in the will. Prior to the commencement of this proceeding she made an application for the payment of her legacy, but this court denied the application upon the ground that it would be necessary to construe the will before the question of her right to the legacy could be determined.

In subdivision "b" of paragraph fifth of the decedent's will he directed his trustee to set apart the sum of $20,000 for each of his daughters and to—

"invest the same and collect the interest and income thereof, and to pay such interest and income to my said daughters respectively. In case any of my daughters marry after my death, my said executors and trustees are directed to pay to such daughter upon her marriage the sum of $3,000 out of the sum of $20,000, held in trust for such daughter. My said executors and trustees are directed to pay said sum of $20,000, or the sum of $17,000 remaining in case either of my daughters shall have married after my death, to my said daughters respectively, when my youngest child surviving me comes of the age of 21 years."

A codicil to the will contains the following provision:

"And I do hereby further authorize and empower my said executors in case they in their discretion shall deem it prudent and wise to pay over to my said daughters or to either of them so much of the principal sum so set apart for my said daughters as they may deem proper."

The petitioner is the testator's youngest child, and she became 21 years of age on the 9th of June, 1910. She is not married. She contends that she is now entitled to the sum of $20,000, set apart for her in subdivision "b" of paragraph fifth of her father's will. The trustees contend that under the provisions of the codicil above quoted they are vested with discretion as to the amount which they may pay the petitioner, and the time when such payment may be made.

I am inclined to think that it was the intention of the testator in subdivision "b" of paragraph fifth that his executors should pay to each of his daughters who got married after his death the sum of $3,-000 upon her marriage, and the balance of $17,000 when the youngest child arrived at the age of 21 years, and that they should pay to each of his daughters who did not get married before the youngest child arrived at the age of 21 the sum of $20,000 when such youngest child had arrived at the age of 21, and that by the codicil he intended to empower his executors to pay any of his daughters prior to the date of distribution of the principal sum of $20,000, such part of said principal sum as they in their discretion deemed prudent. It is probable that the testator felt that the income from $20,000 might not be sufficient for the support and maintenance of any of his daughters who might remain unmarried until the youngest arrived at the age of 21, and that it was to supply this deficiency that he empowered his executors in the codicil to pay to either of his daughters such sums from the principal as they considered advisable.

There is nothing in the codicil which would indicate that it was the intention of the testator to limit the legacy given in subdivision "b" of the will. Reading the will and codicil together, and according to each of them the meaning above indicated, their provisions are not repugnant; both may be given effect. But giving to the codicil the meaning contended for by the executors would limit the clear and precise provision contained in the will for the benefit of decedent's daughters. A provision in a codicil which purports to limit or defeat a bequest contained in the will will not be given this effect, unless the language of the codicil is as clear and explicit as that of the will to which it relates. Adams v. Massey, 184 N. Y. 62, 76 N. E. 916; Matter of Hoffman, 140 App. Div. 121, 124 N. Y. Supp. 1089.

I will therefore hold that the petitioner is entitled to payment of the sum of $20,000 bequeathed to her under subdivision "b" of paragraph fifth of decedent's will.